UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VE THI NGUYEN,<br><br>               Plaintiff,<br><br>    v.<br><br>CAROLYN COLVIN, Commissioner of Social Security,<br><br>               Defendant. | Case No. C13-882-RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Ve Thi Nguyen appeals the ALJ's written decision finding her not disabled, raising two contentions: (1) the ALJ failed to perform a function-by-function assessment of her ability to "stand, walk, and sit" and thus erred in finding she retained the Residual Functional Capacity ("RFC") to perform less than the full range of light work; and (2) the ALJ erred at step four by failing to resolve a conflict between the vocational expert's ("VE") testimony that she could perform work as an electronics part assembler and the requirements of that job as set forth in the Dictionary of Occupational Titles ("DOT"). Dkt. 15 at 3-7. For the reasons below, the Court recommends the Commissioner's final decision be **AFFIRMED** and that the case be **DISMISSED** with prejudice.

/

REPORT AND RECOMMENDATION - 1

## BACKGROUND

The procedural history is not in dispute and need not be detailed.  Also not in dispute are the ALJ's findings at steps one through three of the five-step disability sequential process: that Ms. Nguyen last worked on June 18, 2010, (step one); that helicobactor pylori, degenerative disc disease of the lumbar spine, bilateral knee pain, valvular heart disease, carpal tunnel syndrome, hand pain, depressive disorder, and cognitive disorder were severe impairments, (step two); and that these impairments did not meet the requirements of a listed impairment (step three).  Tr. 23-25.  At issue are the ALJ's determinations that Ms. Nguyen retained the RFC to perform less than the full range of light work.  In specific Ms. Nguyen contends the ALJ failed to perform a function by function assessment of her standing, walking, and sitting limitations, and failed to reconcile a conflict between the VE's testimony and the DOT description of electronic assembler, the job the ALJ found she retained the capacity could perform.

## DISCUSSION

**A.     The ALJ did not err in assessing Ms. Nguyen's RFC**

The ALJ found Ms. Nguyen had the RFC to perform "less than the full range of light work."  Tr. 27.  Ms. Nguyen contends the ALJ committed legal error by failing to perform a function-by-function assessment of her ability to "stand, walk, and sit" in assessing her RFC.  Dkt. 15 at 3.  Ms. Nguyen relies on Social Security Ruling ("SSR") 96-8p which states that "the RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities."  SSR 96–8p, 1996 WL 374184, at *3 (July 2, 1996).  In essence, an ALJ performs a function-by-function analysis to avoid overlooking any of the individual's limitations or restrictions.  *Id.* at *4.  An ALJ does this by first identifying a claimant's "functional limitations or restrictions and assess [es] her work-related abilities on a

function by function basis." *Id.* at *1.  The ALJ then considers each function separately, even if the final RFC assessment will combine activities.  *Id.*

Ms. Nguyen's argument fails for several reasons.  First, the argument is made without clear explanation or citation to any evidence of record showing the ALJ's failure to conduct a function by function assessment resulted in harmful error.  It is not enough merely to present an argument in the skimpiest way, and leave the Court to do counsel's work—framing the argument, and putting flesh on its bones through a discussion of the applicable law and facts.  *See e.g. Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met Listings because claimant provided no analysis of relevant law or facts regarding Listings); *Perez v. Barnhart*, 415 F.3d 457, 462 n. 4 (5th Cir. 2005) (argument waived by inadequate briefing); *Murrell v. Shalala*, 43 F.3d 1388, 1389 n. 2 (10th Cir. 1994) (perfunctory complaint fails to frame and develop issue sufficiently to invoke appellate review).  In short, Ms. Nguyen has failed to meet her burden to show the alleged error was harmful.  *See e.g.*, *Molina v. Astrue*, 674 F.3d 1104, (9th Cir. 2012).

Second, Ms. Nguyen does not challenge the ALJ's evaluation of the medical evidence or her testimony which included her ability to stand, walk and sit.  *See* Tr. 28-33. The ALJ found the medical evidence showed Ms. Nguyen was capable of performing less than light work and did not exhibit any "exertional" or "postural" limitations, Tr. 31, and also rejected the medical opinions of Freida Eng. M.D., and Dina Nguyen M.D., both of whom opined Ms. Nguyen was more limited than the ALJ found.   Tr. 32.  The ALJ also specifically discussed other medical evidence regarding Ms. Nguyen's ability to walk that contradicted her testimony that she could walk only five minutes. Tr. 29.  As to Ms. Nguyen's testimony, the ALJ discounted her claims finding them inconsistent with the medical record, Tr. 28, 29.  The ALJ observed that there was

a treatment note indicating Ms. Nguyen reported walking daily for 30 minutes. Tr. 29. The ALJ concluded that "despite the claimant's allegations of a high level of pain, treating providers frequently noted that the claimant was in no distress." *Id.* Given the ALJ consideration of the evidence regarding Ms. Nguyen's standing, walking and sitting limits, the ALJ was not required to further perform a specific function-by-function analysis of those limits. *See Bayliss v Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (a function-by-function analysis is unnecessary where the ALJ determines the limitations are not credible or not supported by the record).[1]

In sum, the ALJ's finding that Ms. Nguyen has an RFC capacity to perform "less than the full range of light work" is supported by substantial evidence in the record. Tr. 31. Even if the ALJ did not specifically perform a function-by-function analysis with regard to Ms. Nguyen's ability to "stand, walk, and sit," Ms. Nguyen has not shown the ALJ's assessment of her RFC would have been different if the ALJ had applied the analysis. The Court thus affirms the ALJ's determination that Ms. Nguyen had the RFC to perform less than the full range of light work.

**B.     Conflicts between the VE's testimony and the DOT were adequately explained**

Ms. Nguyen next challenges the ALJ's step four findings on the grounds that the VE's testimony conflicts with the DOT. Dkt. 15 at 5-7. *See* SSR 00-4p[2]. The record does not

---

[1] The Court notes and rejects Ms. Nguyen's argument that since the ALJ found at step two certain impairments were severe, the ALJ was required to perform a function by function assessment. Dkt. 17 at 2. The fact an ALJ found certain conditions severe at step two does not mean the ALJ was required to accept Ms. Nguyen's claims as they related to her RFC. As noted above, Ms. Nguyen has not shown the ALJ's assessment of each of her impairments was erroneous, and thus has not shown that the ALJ overlooked any limitation associated caused by her severe impairments by failing to perform a function by function assessment.

[2] Under SSR 00-4p, before relying on Vocational Expert ("VE") evidence to support a disability determination or decision, [ALJ's] must: identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs and information in the Dictionary of Occupational Titles (DOT) … and explain in the determination or decision how any conflict that

REPORT AND RECOMMENDATION - 4

support this argument. The ALJ found Ms. Nguyen had the RFC to perform "less than the full range of light work." The VE testified Ms. Nguyen's past work as "electronics assembler" was rated by the DOT as "light work," but that based on her testimony she performed that work at a "sedentary" work level. The ALJ asked the VE a series of hypothetical questions regarding the electronic assembler job. Tr. 56-59.

      The ALJ first asked whether a person with Ms. Nguyen's RFC—less than the full range light work— could perform past work as actually performed or as described in the DOT. Tr. 56-58. The VE answered in the affirmative. Tr. 58. Next, the ALJ asked if the RFC were reduced to a sedentary level with standing and walking limited to two hours and lifting limited to 10 pounds whether such a claimant could perform Ms. Nguyen's past work. Tr. 58. The VE answered such a claimant "would probably not be able to perform past relevant work based upon just standing and walking past performed." Tr. 59. And third, the ALJ asked, if the RFC were reduced to standing or walking about three hours, sitting about five hours, and lifting limited to five pounds, whether such a claimant could perform past work as actually described by Ms. Nguyen. *Id.* The VE replied affirmatively. *Id.*

      The ALJ then asked the VE: "now in your role as a vocational counselor or vocational expert, have you seen this type of work, this electronics assembly type of work?" Tr. 59. The VE answered "yes." *Id.* The ALJ asked further "based on your understanding of this labor market and the job is this consistent that it is a job where there is minimal weight lifted and performed primarily seated?" Tr. 60. The VE answered:

> Yes. It is not uncommon to see these jobs performed in the sedentary capacity. I mean, when you're doing an electronic assembly, you know, the weight can vary on the part that you're assembling. And in her case it was the lightweight parts. And so –

---

has been identified was resolved.

REPORT AND RECOMMENDATION - 5

> and, you know, when they're that lightweight, I mean, performing them at a bench where you're seated is usually how it's done. So I'd say probably at least 10 to 20 percent of electronic assembly jobs are done that way.

Tr. 60.  This explanation adequately addresses the conflict between the DOT which classifies the electronic assembler job as "light work" and the VE's testimony that testimony that a claimant with Ms. Nguyen's RFC of less than the full range of light work could still perform that job, notwithstanding the DOT classification.  The VE testified although the DOT classified the job of electronic assembler as light work, Ms. Nguyen had the RFC to perform the job because 10 to 20 percent of such jobs were performed at the sedentary work level.  *See e.g. Buckner-Larkin v. Astrue*, 450 Fed. Appx. 626, 628-29 (9th Cir. 2011) (affirming an ALJ's reliance on VE testimony where the VE "noted that although the DOT does not discuss a sit-stand option, his determination was based on his own labor market surveys, experience, and research.  Therefore, the conflict between the DOT and the [VE] was addressed and explained by the [VE], and the ALJ addressed this in the decision.").  Accordingly, the Court affirms the ALJ's determination that based on the VE's testimony Ms. Nguyen could perform work as an electronic assembler.

## CONCLUSION

For the foregoing reasons, the Court recommends **AFFIRMING** the Commissioner's final decision and **DISMISSING** the case. Objections to this Report and Recommendation must be filed no later than **April 21, 2014**.  If no objections are filed, the matter will be ready for the Court's consideration on **April 25, 2014**.  If objections are filed, any response is due within 14 days after being served with the objections.

/

/

REPORT AND RECOMMENDATION - 6

A party filing an objection must note the matter for the Court's consideration 14 days from the date  Objections and responses shall not exceed eight  pages.  Failure to timely object may affect the right to appeal.

DATED this 6th day of April, 2014.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7